LOBRANO, J.,
DISSENTS AND ASSIGNS REASONS.
hi respectfully dissent. I disagree with the majority’s holding that res ipsa loquitur applies to the facts of this case, because I find that the second element, exclusive control, is not met. I do not find that the district court’s factual finding, that Ms. Small was, if not the first, then one of the first, customers at the buffet that day, is commensurate with Rouse’s maintaining exclusive control over the food its employees undisputedly had already placed at the self-serve buffet. No evidence was presented at trial that Rouse’s breach *217 ed its “duty to act as would a reasonably prudent man skilled in the culinary art in the selection and preparation of food,” See Porteous v. St. Ann’s Cafe & Deli, 97-0837, p. 5 (La. 5/29/98), 713 So.2d 454, 457. The district court committed manifest error in holding otherwise.
Accordingly, I would reverse the May 19, 2016 judgment of the district court.